# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2730 | **DATE** | 10/2/2012 |
| **CASE TITLE** | Love EL vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies without prejudice Plaintiff's motion for appointment of counsel [16]. The notice of motion date of 10/4/2012 is stricken and no appearances are necessary on that date. Plaintiff may refile the motion if he attaches a fully completed financial affidavit.

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

The Court denies Plaintiff's motion for appointment of counsel [16] at this time. Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the stage of the proceedings and the degree of difficulty of the case, the plaintiff appears competent to proceed with the case himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc). It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

Plaintiff has not provided the Court with sufficient information for the Court to make the threshold determination that he is in fact indigent. Although his motion indicates that he has "attached an original Application for Leave to Proceed *In Forma Pauperis* in the proceeding detailing my financial status," no such filing has been made at this time. Without knowing the amount of income or other benefits that he receives along with a statement of any other assets as well as Plaintiff's liabilities, the Court is unable to assess Plaintiff's ability to afford counsel. If and when Plaintiff provides the required financial information in a renewed motion, the Court will assess whether he is in fact indigent and whether, after considering the pertinent factors, appointment of counsel would be appropriate or whether Plaintiff would be capable of proceeding on his own at this stage of the case.

**STATEMENT**

For these reasons, Plaintiff's motion for appointment of counsel [16] is denied without prejudice.