IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEIK L. LOVE EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-2730 |
| ) | |
| THE CITY OF CHICAGO, ET AL., ) | Judge Robert M. Dow, Jr. |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions to dismiss [Doc. 15 in 12-cv-2725 and in Doc. 14 in 12-cv-2730] filed by Defendant City of Chicago in these companion actions. Also before the Court are several motions filed by Plaintiff [Docs. 40, 48, and 49 in 12-cv-2725 and Docs. 32 and 33 in 12-cv-2730]. For the reasons set forth below, the Court grants Defendant City of Chicago's motions to dismiss [Doc. 15 in 12-cv-2725 and in Doc. 14 in 12-cv-2730] and denies all of Plaintiff's pending motions [Docs. 40, 48, and 49 in 12-cv-2725 and Docs. 32 and 33 in 12-cv-2730].

**I. Background[1]**

    **A. Plaintiff's Prior Complaint in Case No. 10-cv-1047**

On June 30, 2010, Plaintiffs Moorish National Republic: Federal Government Moorish Divine and National Movement of the World, the Moorish Science Temple of America, Sheikess Diana El, and Sheik Lyonel Love El filed a complaint in Case No. 10-cv-1047 against the City of

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

Chicago and Mayor Daley alleging violations of their civil rights by Chicago Police Department officers as well as Mayor Daley in three separate incidents, including federal claims under 42 U.S.C. § 1983, a *Monell* policy claim, and numerous Illinois State law claims. Giving the complaint a generous reading, Plaintiffs' complaint alleged the following causes of action: false arrest pursuant to §1983 (Count I); false arrest under Illinois state law (Count II); malicious prosecution under Illinois state law (Count III); breach of contract under Illinois state law (Count IV); a § 1983 claim against Mayor Daley personally (Count V); a *Monell* policy claim against the City (Count VI); an indemnification claim against the City pursuant to the Tort Immunity Act (Count VII); a claim for *respondeat superior* against the City (Count VIII); a class action claim against the City (Count IX); injunctive relief (Count X); a duplicate malicious prosecution claim (Count XI); negligence (Count XII); and tortious interference (Count XIII).

In what Plaintiffs' complaint referred to as "Incident #1," Plaintiff was stopped by Officer Angel Grasser on May 12, 2009. Plaintiff did not consent to a search, but "submitted [his] paperwork." He was cited for several traffic violations, including violations of 625 ILCS 5/12-603.1 (no seat belt), 625 ILCS 5/3-701-1 (no valid registration), 625 ILCS 5/6-101 (no driver's license), and 625 ILCS 5/3-707 (no insurance), arrested, searched, and his vehicle was impounded. He was transported to a "processing facility" and questioned about his identity. He was released five hours later. Lyonel alleges that some of his items (Moorish paperwork and "Oils") were missing. Lyonel was required to appear in state court to answer to the traffic violations on August 12, 2009, but failed to do so and a judgment on bond forfeiture was entered against him as to each traffic violation. See Certified Statement of Disposition for *People of the*

*State of Illinois or City of Chicago v. Lyonel Love El*, Nos. TT067843, TT067844, TT067845 and TT067847, attached to Def. Resp. as Ex. A.

In what the prior complaint refers to as "Incident #3," Lyonel again was stopped by Chicago Police Officers on January 31, 2010. He was threatened by the officers and told to put his car in "park" and open the door. When he did not do so, the officers broke the window and "snatch[ed] him up out of the vehicle, causing [him] injury." He then was forced to the ground, handcuffed, and taken into custody. The officers took his cell phone, wallet, keys, and religious pin and charm. The officers asked if he wished to go to the hospital, to which he replied "yes." He subsequently was transported to the hospital. *Id.* at ¶ 42. Lyonel's car was impounded and in order to retrieve his car from the pound, he would have had to pay $1000, due to an alleged narcotics violation.

Lyonel was cited for several traffic violations, including: 625 ILCS 5.0/6-303-A (driving on a suspended license), 625 ILCS 5/3-707 (no insurance), MCC 9-16-050(B)(no turn signal) arrested, and released five hours later. See Certified Statement of Disposition for *People of the State of Illinois or City of Chicago v. Lyonel Love El*, Nos. TT474388, TT474389, TT474385, attached to Def. Resp. as Ex. B. His vehicle also was impounded. *Id.* Lyonel was required to appear in court to answer to the traffic violations on August 12, 2010, but failed to do so and a judgment on bond forfeiture was entered against him as to each traffic violation.

In his prior complaint, Plaintiff also alleged a *Monell* claim against the City of Chicago.

**B.     Final Judgment in Case No. 10-1047**

On July 19, 2011, the Court granted the City's motion to dismiss Plaintiff's complaint in Case No. 10-1047. [Case No. 10-1047, Doc. 152.] With respect to Plaintiff's federal claims of

3

false arrest related to the incidents on May 12, 2009 and January 31, 2010, the Court made a merits-determination that there was probable cause for Plaintiff's two arrests. Additionally, the Court also reviewed Plaintiff's *Monell* claim and found, on the merits, that this federal claim failed as well. Thus, the Court dismissed with prejudice all of Plaintiff's federal claims in Case No. 10-1047. The Court declined to retain jurisdiction over Plaintiff's state-law claims and thus dismissed those claims without prejudice. Plaintiff did not appeal.

      C.      **Plaintiff's Newly-Filed Complaints in Case Nos. 12-cv-2725 and 12-cv-2730**

On March 20, 2012, Plaintiff filed two separate complaints in the Circuit Court of Cook County. Defendants removed both of these cases to this Court on April 13, 2012. (Case No. 12-cv-2725, Doc. 1; Case No. 12-cv-2730, Doc. 1). Plaintiff's complaint in Case No. 12-cv-2725 alleges a *Monell* claim and a section 1983 false arrest claim, both of which are identical to the claims raised by Plaintiff—relating to his May 12, 2009 arrest—in his complaint in Case No. 10-1047; in fact, a comparison of the federal claims raised in the current case (12-cv-2725) and prior case (10-cv-1047) shows that the same allegations are made verbatim. Likewise, Plaintiff's complaint in Case No. 12-cv-2730 alleges a *Monell* claim and a section 1983 false arrest claim that are identical to the claims raised by Plaintiff—relating to his January 31, 2010 arrest—in his complaint in Case No. 10-cv-1047; again, a comparison of the federal claims raised in the current case (12-cv-2730) and prior case (10-cv-1047) shows that the same allegations are made verbatim. In essence, Plaintiff attempts to relitigate the federal claims that the Court previously dismissed with prejudice.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). While a *pro se* litigant's pleadings are held to a lesser standard, the *pro se* litigant must comply with the court's rules and procedures. See *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

## III. Analysis

### A. Res Judicata

The doctrine of *res judicata* provides an absolute bar to relitigation of claims that were or could have been litigated in a prior proceeding. *D & K Props. Crystal Lake v. Mut. Life Ins. Co.*

*of N.Y.*, 112 F.3d 257, 259 (7th Cir. 1997). Because the Plaintiff's prior federal claims in Case No. 10-cv-1047 were brought in federal court, federal *res judicata* principles are applicable here. See *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1086, 1089 n.4 (7th Cir. 1993); *Barnett v. Stern*, 909 F.2d 973, 977 (7th Cir. 1990). Under federal law, *res judicata* bars a lawsuit if three conditions are met: (1) a court of competent jurisdiction rendered a final judgment on the merits in an earlier action; (2) an identity of causes of action between the earlier and the later proceedings; and (3) an identity of parties or their privies in the earlier and later proceedings. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *D & K Props.*, 112 F.3d at 259.

Here, the Court rendered a final judgment on the merits as to Plaintiff's federal false arrest and *Monell* claims in the earlier action, Case No. 10-cv-1047. In addition, there is an identity of causes of action between the earlier action and the two current, later-filed actions: Plaintiff's § 1983 false arrest and *Monell* claims raised in the current complaints are verbatim the federal false arrest and *Monell* claims raised in the prior complaint. Finally, the fact that Plaintiff has named in the current complaint defendants who were not named in the prior complaint is of no moment. Clearly the *Monell* claims against the City of Chicago in the current complaints are identical to the *Monell* claim in the prior complaint and, thus, those claims are barred by *res judicata*. Furthermore, as explained below, the federal false arrest claims against the individual Defendants in the current complaints also are barred by *res judicata*.

In dismissing Plaintiff's federal claims in the prior 2010 case, the Court acknowledged that Plaintiff had sued only the City of Chicago and former Mayor Richard Daley for false arrest and not the individual officers involved with Plaintiff's arrest. Nonetheless, the Court analyzed Plaintiff's false arrest claims based on the actions of the individual officers who arrested

6

Plaintiff. Specifically, the Court noted that "Plaintiffs clearly intended to file suit against the individual officers even though they have failed to follow the procedural rules necessary to bring suit against the officers." In fact, the arresting officers who have been individually named in the current complaints are in privity with the defendants in the prior case (the City of Chicago and Mayor Daley). Privity between parties is established where those parties' interests are so closely aligned that they represent the same legal interests. See *Sec. of Labor v. Fitzsimmons*, 805 F.3d 682, 688 & n.9 (7th Cir. 1986). Under the federal law of *res judicata*, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. *Id.* at 688 n.9.

Here, the individually-named Defendants in the current complaints are in privity with the City of Chicago for purposes of *res judicata*. In the prior case, the City of Chicago's *Monell* liability hinged on liability against the individual arresting officers, namely the individually named officers in the present complaint. Accordingly, the individual defendants in the present cases have the same legal interests as the City of Chicago had in the prior case. The City's defense to *Monell* liability in Case No. 10-cv-1047 was that the individual arresting officers had probable cause to arrest Plaintiff and, thus, there had been no constitutional violation. Thus, to defend against the *Monell* claim, the City essentially made the case for lack of liability on the part of the individual officers. Their interests were so closely aligned with that of the City that the City, in essence, was the individual officers' "virtual representative" in the prior action. See Case No. 10-1047, Doc. 152, p. 11 n.6. Consistent with *Fitzsimmon*s, the Court concludes that the individual defendants are in privity with the City of Chicago, and accordingly, all three elements of *res judicata* have been satisfied.

7

The Court previously entered a final judgment on the merits, finding that Plaintiff's arrests on May 12, 2009 and January 31, 2010 were supported by probable cause. Plaintiff's attempt to relitigate the verbatim claims against the City and parties in privity with the City fails. Plaintiff's federal claims fall squarely within the purview of the *res judicata* doctrine and will be dismissed.

B.  **State Law Claims**

Because the Court has dismissed all claims over which it has original jurisdiction, it must now address whether to retain jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.*, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * *"); see also *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D. Ill. 2010). Dismissal of the state law claims without prejudice is appropriate here because substantial judicial resources have not been committed to the state law count in Plaintiffs' complaint, as the case is at the motion to dismiss stage and discovery has not yet begun. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice Plaintiff's state law claims.

### C. Plaintiff's Pending Motions

Also before the Court are several motions filed by Plaintiff [Docs. 40, 48, and 49 in 12-cv-2725 and Docs. 32 and 33 in 12-cv-2730]. The Court has reviewed each of the motions filed by Plaintiff. These motions—entitled (i) "Motion for a Rule 57 Declaratory Judgment to Determine Whether or Not The United States Code Sections 1-50 Are Constitutional in the Form of an Affidavit" [see Docs. 40 and 48 in 12-cv-2725 and Doc. 32 in 12-cv-2730]; and (ii) "Motion for Judge to Recuse Himself from the Case Due to Unprofessional Bias Against the Plaintiffs' and the Religion of the Plaintiff" [see Doc. 49 in 12-cv-2725 and Doc. 33 in 12-cv-2730]—are without merit. The Court has considered, and denied, these exact motions in Case No. 10-cv-1047, so Plaintiff is well aware that these motions have no legal footing. In fact, as another judge in this district recently observed, "when one peels away the irrelevancies with which Love EL clutters up his motions[s], [they] must be and [are] denied on the merits because [they] fail to show that [they] too [are] non-frivolous in the legal sense." See *Sheik L. Love EL v. Bank of New York, et al.*, Case No. 12-cv-2273 (N.D. Ill. April 23, 2012).

## VI. Conclusion

For these reasons, the Court grants Defendant City of Chicago's motions to dismiss Plaintiff's federal claims [Doc. 15 in 12-cv-2725 and in Doc. 14 in 12-cv-2730]. Plaintiff Sheik L. Love El's federal claims are dismissed with prejudice and his state law claims are dismissed without prejudice. The Court also denies all of Plaintiff's pending motions [Docs. 40, 48, and 49 in 12-cv-2725 and Docs. 32 and 33 in 12-cv-2730]. With today's rulings, all pending motions are disposed of and these two cases (12-cv-2725 and 12-cv-2730) are closed in their entirety.

Dated: May 13, 2013

_____
Robert M. Dow, Jr.
United States District Judge